IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NILAMBEN PATEL**, *et al.*,

    **Plaintiffs,**

v.

**TELHIO CREDIT UNION**, *et al.*,

    **Defendants.**

Civil Action 2:25-cv-0006
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on three motions, one filed by Defendants Telhio Credit Union and Elyse Sturtz (ECF No. 20) and two filed by Plaintiffs Nilamben Patel and NK 11 Hospitality, LLC. (ECF Nos. 22, 24.) The motions, discussed in more detail as necessary below, are fully briefed (ECF Nos. 21, 23, 24, 25, 26, 27) and ripe for decision. For the following reasons, all three motions are **DENIED.**

**I.**

Plaintiff Patel originally filed this action in the Franklin County Court of Common Pleas on October 6, 2023, raising claims under Ohio law against only Defendant Telhio. Following the filing of an Amended Complaint, in part raising a claim under 42 U.S.C. § 1981, Defendants Telhio and Sturtz removed the case to this Court by Notice filed January 3, 2025. (ECF No. 1.) In its few short months in this Court, it is fair to say that this case has fallen off the rails. Indeed, the need for a significant reset is quickly evident from both the tone and quality of the briefing surrounding the subject motions.

Briefly, some relevant procedural background is in order. As indicated, at the time of its removal, the operative Complaint in this case was an Amended Complaint filed in the state court

on December 18, 2024. (ECF No. 2.) That amended pleading, also naming NK11 Hospitality, LLC as an additional plaintiff, was filed following a state court ruling dated December 4, 2024, granting a motion for leave to amend. (ECF No. 8 at 18.)

Within one week of removal to this Court, Defendants filed a motion to dismiss. (ECF No. 7.)[1] On January 29, 2025, Plaintiffs sought an extension of time, until February 21, 2025, to respond to that motion. (ECF No. 10.) By Order dated January 30, 2025, the Court granted Plaintiffs' extension request. (ECF No. 12.) On February 19, 2025, the Court held a Preliminary Pretrial Conference and issued its Preliminary Pretrial Order the following day. (ECF No. 16.) As relevant here, that Order established an amendment deadline of February 28, 2025. (*Id.*)

On February 21, 2025, Plaintiffs filed a Second Amended Complaint but did so without seeking leave. (ECF No. 17.) The Second Amended Complaint raises two claims, one for discrimination under Ohio Revised Code § 4112.021, *et seq.* and one for a violation of 15 U.S.C. § 1691, *et seq.* In their Second Amended Complaint, Plaintiffs no longer assert a claim under 42 U.S.C. § 1981. Simultaneous with their filing of the Second Amended Complaint, Plaintiffs filed a response to the motion to dismiss noting that the dispositive motion had been rendered moot by the filing of the amended pleading. (ECF No. 18.) The current motions ensued. It is with this background in mind that the Court considers the issues raised by the parties.

## II.

Defendants have moved to strike the Second Amended Complaint, contending that Plaintiffs were foreclosed from amending as of right, thus requiring Defendants' consent or leave

---

[1] Adding to the madness were procedurally improper motions for default judgment filed by Plaintiffs. (ECF Nos. 5, 6.) Following the Preliminary Pretrial Conference, Plaintiffs withdrew the motions. (ECF No. 19.)

of court. Defendants rely exclusively on a straightforward reading of Federal Rule of Civil Procedure 15 in making this argument.

In response, Plaintiffs[2] explain that their counsel believed that the extension of time to respond to the motion to dismiss would include the ability to file an amended pleading consistent with Rule 15(a)(1)(B), such that their filing on February 21, 2025, was timely. Further, they explain that, following the Preliminary Pretrial Conference, their counsel mistakenly believed he had secured leave to file the Second Amended Complaint. Plaintiffs also alternatively move for leave to file instanter a Second Amended Complaint, citing the lack of prejudice to Defendants, the current status of discovery, and the lack of a trial date.

In reply, Defendants contend that Plaintiffs concede the untimeliness of the Second Amended Complaint under both Rule 15 and the Court's Preliminary Pretrial Order. To the extent that Plaintiffs seek leave to amend, Defendants claim prejudice essentially because they will be required to undertake additional discovery. They also contend that Plaintiffs' request to amend, made in the context of his response, is procedurally improper.

The Court, given the cursory nature of Defendants' argument in favor of striking the Second Amended Complaint, and guided by the preference for resolution of disputes on the merits, finds that the issue as presented here warrants only minimal analysis. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (the spirit of the Federal Rules of Civil Procedure expresses a preference for resolution of cases on the merits and requires liberal amendment allowances rather than deciding cases on technicalities). Defendants merely declare, without meaningful discussion, that Plaintiffs "filed their Second Amended Complaint past the deadline to amend as

---

[2] Plaintiffs' briefing, randomly alternating between third and first person and the singular and the plural, blurs the distinction between Plaintiffs and their counsel.

a matter of course. Fed.R.Civ.P. 15(a)(1)." (ECF No. 20 at 1.) As explained by way of a footnote (*id*. at n.2), this argument seems to rely on Defendants' belief that the extension of time for a response to their motion to dismiss was granted only for the filing of an opposition brief and did not also encompass the filing of a Second Amended Complaint.

The Court finds no merit to Defendants' overly pedantic argument. Notably, Defendants' argument, focused solely on the timeliness of Plaintiffs' filing, ignores the nuances of whether Plaintiffs would have had a right to amend in federal court as a matter of course anyway following the filing of a First Amended Complaint in state court.[3] *See, e.g., Sosa v. Prince William-Manassas Reg'l Adult Det. Ctr.,* No. 1:24-CV-00499 (RDA/WBP), 2024 WL 2261942, at *2 (E.D. Va. May 17, 2024) (discussing various scenarios as considered by courts); *Daulatzai v. Maryland*, 338 F.R.D. 587, 588 (D. Md. 2021) (discussing the interplay between Fed.R.Civ.P. 15(a)(1) and 81). Because Defendants have limited themselves to a superficial argument, however, the Court will not dig deeper here.

Importantly, even accounting for any missteps by counsel, Plaintiffs' Second Amended Complaint was filed within the deadline for amendments established in the Court's Preliminary Pretrial Order. Further, Plaintiffs have attempted to remedy any misunderstanding by requesting leave to file their Second Amended Complaint instanter.[4] Moreover, in their briefing Defendants

---

[3] Again, Defendants argue that, "[t]he deadline for Plaintiff to amend under Rule 15(a)(1)(B) [as a matter of course] passed on January 31, 2025. (ECF No. 20 at 6.)

[4] This is another matter to which Defendants have lodged an overly pedantic objection. Contrary to Defendants' understanding, Plaintiffs' alternative request for leave to amend instanter is in no way the same thing as using the opposition brief as the amendment itself, the conduct rejected by the courts in *Johnson v. Bender Mgt. LLC*, No. 1:24-cv-01106 (W.D. Mich. Mar. 19, 2025) and *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020). Nor is it the same as requesting the court to identify what needs to be cured so an amended complaint could be filed as in *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017) or a "throwaway" request as rejected by the Sixth Circuit in *Kuyat v. BioMimetic*

4

have raised alternative issues, albeit by way of a Rule 12(b)(6) challenge, which are consistent with a more substantive Rule 15 discussion. Accordingly, under the limited circumstances of this case, Defendants' Motion to Strike is **DENIED.** Instead, the Court will consider Plaintiffs' request for leave to amend under the standards of Rule 15.

### III.

Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

---

*Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). Consequently, the Court finds Defendants' argument on this point is not well-taken.

.

5

Having considered these factors, the Court concludes justice requires that Plaintiffs be permitted leave to amend, no matter how inartfully requested. Defendants' opposition to amendment centers on two issues: prejudice and futility. Initially, the Court finds no merit to Defendants' cursory assertion of prejudice. Without question, "all amended pleadings result in at least some prejudice to the non-moving party who will have to defend the claims on the merits." *NOCO Co. v. Lapidus*, No. 21-CV-900, 2022 WL 1803039, at *3 (N.D. Ohio June 2, 2022). But "some prejudice" is all Defendants can be generously viewed as having shown. Indeed, they have wholly failed to identify any out of the ordinary harm that would justify denying Plaintiffs' ability to amend a second time. *See id.* (finding no "unique harm" in similar circumstances).

This brings the Court to Defendants' alternative request that the Second Amended Complaint be dismissed under Rule 12(b)(6). As noted, in the context of Rule 15, this is an argument asserting the futility of the proposed amended pleading. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See, e.g.*, *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"), *and* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion ... to dismiss for failure to state a claim upon which relief can be granted ....").

In light of this procedural impediment, the Court concludes that, to the extent Defendants contend that Plaintiffs do not sufficiently plead basic facts regarding similarly situated, non-

6

protected individuals, the better course would be to permit Plaintiffs proceed on their Second Amended Complaint with the understanding that Defendants will be free to challenge the claims against them through a renewed motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

In light of this holding, Plaintiffs' Motions, raising duplicative issues resolved by the discussion above, are **DENIED** as moot.[5]

### IV.

For the reasons stated above, Defendants' Motion to Strike (ECF No. 20) is **DENIED.** Plaintiffs are granted leave to proceed on their Second Amended Complaint, previously docketed as ECF No. 17. The remaining Motions (ECF Nos. 22, 24) are **DENIED as moot.**

**IT IS SO ORDERED.**

**Date: May 19, 2025**         */s/ Elizabeth A. Preston Deavers*
                               **ELIZABETH A. PRESTON DEAVERS**
                               **UNITED STATES MAGISTRATE JUDGE**

---

[5] The Court notes Plaintiffs' request that Defendants' pending motion to dismiss (ECF No. 7) be deemed moot. (ECF No. 22.) While, "[a]s a procedural matter, the filing of an amended complaint renders moot any prior motions to dismiss the now-superseded complaint," *Applegarth v. Power Home Solar, LLC*, No. 2:24-CV-1309, 2024 WL 2862281, at *1 (S.D. Ohio June 6, 2024), consistent with the discussion above, denying a dispositive motion as moot is the province of the assigned District Judge. Such an action, taken by district judges in due course, does not require any filing by a plaintiff. More specifically, Plaintiffs' filing of ECF No. 18 was unnecessary and a similar filing is not required following this Opinion and Order.